Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>SERGIO BONILLA HENRIQUEZ,<br><br>　　　　　　　Defendant. | Case No.: 2:20-CR-0100-TOR<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. In accordance with the terms of the Rule 11(c)(1)(C) Plea Agreement, ECF No. 76, the United States recommends that the Court sentence Defendant to a term of imprisonment of 12 years, followed by a life term of supervised release. The United States also requests imposition of special assessments totaling $5,100 and an order of restitution.

United States' Sentencing Memorandum – 1

# INTRODUCTION

If the Court accepts the Rule 11(c)(1)(C) Plea Agreement, the Court must sentence Defendant to a prison term of not less than 6, but no more than 12, years. ECF No. 76.  The Court must impose a term of supervised release of not less than five years, up to life. The Court may also impose up to a $250,000 fine, in addition to special assessments under 18 U.S.C. §§ 2259A, 3013, and 3014(a)(4).  ECF No. 80 at ¶¶ 102, 106, 107, 112.

The United States agrees with the procedural history summarized in paragraphs one through seven of the Presentence Investigation Report (hereinafter "PSR").  ECF No. 80.  The United States also agrees with the offense conduct detailed in paragraphs eight through 51 of the PSR.  ECF No. 80.  Neither party filed objections to the PSR.

# LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)  Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)  Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  They are simply

United States' Sentencing Memorandum – 2

to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION AND IMPOSITION OF SENTENCE

### I. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A. Offense Level Calculation

The PSR correctly calculated the defendant's total offense level as 39. PSR ¶ 75.

#### B. Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category I. PSR ¶ 81.

#### C. Advisory Guideline Range

Based upon a total offense level of 39 and a criminal history category of I, the advisory guideline imprisonment range is 262-327 months. PSR ¶ 101. However,

United States' Sentencing Memorandum – 3

as the statutory maximum is 240 months, that becomes the advisory guideline term. *Id.*

## II. Departures

The United States does not recommend a departure from the advisory guideline range. The United States does recommend, however, a variance in this case, to a sentence of 144 months, consistent with the Plea Agreement.

## III. Imposition of a Sentence under 18 U.S.C. § 3553

### A. 18 U.S.C. § 3553(a) factors

#### 1. The nature and circumstances of the offense

The nature and circumstances of Defendant's offense warrants a sentence of 144 months, followed by a life term of supervised release. Defendant is not before the Court as a routine peer-to-peer offender. Rather, Defendant was regularly participating in group chats, directly and contemporaneously with other individuals, and heavily sharing and trading child pornography. He shared vile content of victims as young as infants; his collection of child pornography reviewed by investigators exceeded 25,000 images and 1,000 videos, the majority of which depicted pre-pubescent children. PSR ¶ 34. Defendant shared more than child pornography; he shared his excitement for it and encouraged others' depravity and criminal actions, saying things like, "I also love it when the guy is fucking the girl and she's moaning in pain or she says that it hurts but he keeps going;" "I want to be able to penetrate

United States' Sentencing Memorandum – 4

little 10-year-old girls;" and, "How can anyone resist having sex with little girls?" PSR ¶¶ 31-32. Defendant's criminal conduct is exactly the kind of offense for which a sentence of 12 years should be imposed.

## 2. The history and characteristics of the defendant

Defendant's history and characteristics also support a 144-month sentence and life term of supervised release. Although Defendant has zero criminal history points, his child pornography crimes have been going on for years, having started when Defendant was 16 or 17. PSR ¶ 25. Also telling: his abysmal noncompliance of pretrial release conditions. His release was hotly contested, and the removal of minors from Defendant's residence specifically informed the magistrate's decision. *See* ECF No. 19 at 2; ECF No. 21. Nevertheless, when given the opportunity, Defendant returned to trading child pornography, possessed several firearms, knowingly continued to reside at the residence with young children, and had contact with those minors. PSR ¶¶ 5, 36-45.

Defendant's interest in minors is not limited to viewing depictions of them being sexually abused and raped. He wants to participate in such abuse and rape. He has already acted on his sexual interest in minors with teenage minors, and when asking if one teen wants to be his "pregnant teen bitch," he tells her he doesn't care that she is 15, she could be 13 and he would still get her pregnant. PSR ¶ 51.

United States' Sentencing Memorandum – 5

Defendant does not report a substance or alcohol addiction. He is capable of maintaining steady employment. He is close to his mother and describes a generally positive upbringing. In other words, there is no motivation for Defendant's crime but for his sexual interest in minors, which he chooses to act on, even when on pretrial release, with everything to gain or lose. A 12-year sentence is supported by a balancing of Defendant's history and characteristics, including the fact that Defendant is an advanced sexual predator for someone of his age.

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. Defendant certainly victimized more than the 194 victims identified by the National Center for Missing and Exploited Children. ECF No. 76 at 8. A sentence of 144 months, followed by a life term of supervised release, recognizes this, promotes respect for the law, and is just punishment, under the circumstances of this case.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A prison sentence of 12 years followed by a life term of supervised release particularly protects the public in this case, as well as serving the goal of deterrence. The public is protected from Defendant's crimes while he is serving a custodial sentence and, to a degree, while he is on supervised release. Even if Defendant is

United States' Sentencing Memorandum – 6

removed from the United States after completing his custodial sentence – a near-certainty, but something the government never takes for granted, the life term of supervision provides access to rehabilitation tools and structure Defendant clearly needs, as demonstrated by his swift return to child pornography crimes and access to minors while on pretrial release. Such a sentence also puts other offenders on notice of the strict consequences that flow from victimizing the most vulnerable.

5. <u>The kinds of sentences available</u>

Pursuant to the Rule 11(c)(1)(C) Plea Agreement, if accepted by the Court, the Court may sentence Defendant to a term of prison of no more than 12 years and no less than 6 years, followed by a term of supervised release of not less than five years. Additional fines and special assessments apply.

6. <u>The established sentencing range</u>

Based upon a total offense level of 39, a criminal history category of I, and the statutory maximum, the adjusted advisory guideline imprisonment range is 240 months. PSR ¶ 101.

7. <u>The need to avoid unwarranted sentence disparities</u>

The government's recommended sentence does not result in a sentencing disparity.

8. <u>The need to provide restitution to any victims of the offense</u>

United States' Sentencing Memorandum – 7

Both statute and the Plea Agreement require restitution be paid in an amount of not less than $3,000 per victim. As of the filing of this Memorandum, 16 victims have submitted requests for restitution. PSR ¶ 115.

      B.      Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The government acknowledges that a recommendation of 144 months represents a variance in this case. The § 3553(a) factors support this variance in this case.

    IV.    **$5,000 Special Assessment of the JVTA**

The United States seeks the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). Assessments paid under the JVTA are deposited into the Domestic Trafficking Victims Fund for grants

United States' Sentencing Memorandum – 8

to enhance programs that assist trafficking victims and provide services for victims of child pornography.

Under the JVTA, the Court "shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under ... (3) chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3). In imposing a JVTA assessment, the non-indigency of a defendant is the governing deliberation and the statute does not require the court to consider the factors enumerated in 18 U.S.C. § 3572 with respect to the entry of a non-JVTA fine. *See generally* 18 U.S.C. § 3014 (no reference to or requirement upon the court to evaluate the 18 U.S.C. § 3572 factors when imposing a JVTA assessment).

Whether a defendant is non-indigent for the purposes of a JVTA assessment is determined not by a static snapshot of a defendant's financial condition at the time of sentencing, but instead should be based on considerations of a defendant's current and future financial condition.

> [A] district court must resolve two basic questions in assessing the defendant's indigency: (1) Is the defendant impoverished now; and (2) if so, does the defendant have the means to provide for himself so that he will not always be impoverished?
>
> …
>
> Because the defendant's obligation to pay persists for at least twenty years after his sentencing, it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing. That snapshot in time may not accurately represent the defendant's condition five, ten, or

United States' Sentencing Memorandum – 9

    twenty years after sentencing. Rather, the defendant's employment prospects and earnings potential are probative of his ability to pay the assessment—and are fair game for the court to consider at sentencing.

*United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019)

  In this matter, Defendant is non-indigent for the purposes of imposing a JVTA assessment. First, it is not enough to rely on the fact that Defendant's counsel is appointed to support a finding of indigency. *See Shepherd*, 922 F.3d at 759 (fact that defendant is represented by appointed counsel is "probative but not dispositive" of indigence under § 3014, because indigence is not the standard for appointment of counsel).

  Second, a typical judgment imposing a monetary penalty requires a defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay $25 per quarter towards any outstanding monetary penalty. In 12 years of incarceration, the Defendant could pay $1,200 through the IFRP by the time he is released to supervised release.

  Third, Defendant has no dependents and should have many years post-incarceration for gainful employment. Rather than request a fine, the government respectfully requests the Court impose the JVTA special assessment.

United States' Sentencing Memorandum – 10

### IV. $35,000 Special Assessment of the AVAA

In light of the 16 requests for restitution, the United States does not seek the imposition of an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA).

### CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 144 months, followed by a life term of supervised release for Defendant's commission of the crime of receipt of child pornography. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted: March 29, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

_s/ Ann T. Wick_
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 12